IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MALCOLM HATTER, JR.                                                                          PLAINTIFF
# 13093-23

v.                                             4:24CV00540-JM-JTK

ERIC S. HIGGINS, et al.                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I.   **Introduction**

Malcom Hatter, Jr. ("Plaintiff") is in custody at the Pulaski County Detention Center. He filed this pro se action under 42 U.S.C. § 1983 against Pulaski County Sheriff Eric Higgins and Deputy Washington. (Doc. No. 2). Plaintiff also filed a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1, 3). The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found Plaintiff's allegations failed to state a claim on which relief may be granted. (Doc. No. 3). The Court gave Plaintiff the chance to file an Amended Complaint to cure the defects in his pleading, along with detailed instructions as to the information

any Amended Complaint should contain. (Id.). Plaintiff has filed his Amended Complaint. (Doc. No. 4). The Court will now continue screening Plaintiff's claims.

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Facts and Analysis

Plaintiff's original statement of claim, in its entirety, read:

On May 4, 2024, 3:15 p.m., while in my cell in a locked down unit, T unit, inmate L. Green was out [of] his cell with a weapon, the broom stick, beating on my window trying to break it. When he could not break it he went and got some mase pepper spray and sprayed the whole can under my door, which almost killed me. I'm allergic to pepper spray and had a bad allergic reaction to the pepper spray. I suffered from this for about 30 mins before help came. I fear for my life and need

>to be released A.S.A.P. for this gross neglect in Pulaski County locked down unit T.

(Doc. No. 2 at 4).

The Court explained to Plaintiff that his Complaint failed to state a claim because: he made no allegations of fact against Defendant Higgins or Washington; he did not allege that a policy or custom was the driving force behind the alleged violation of his rights; negligence alone is not sufficient to state a claim under § 1983; and Plaintiff cannot seek release in this § 1983 action. (Doc. No. 3 at 4-5).

The Court advised Plaintiff that in his Amended Complaint he should provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible and explain the reasons for an official capacity claim, among other instructions. (Id. at 5-6).

In his Amended Complaint, Plaintiff sued Eric Higgins and Deputy Washington (collectively, "Defendants") in their personal and official capacities. (Doc. No. 4 at 1-2). Plaintiff's statement of claim reads:

>On May 4, 2024, 3:15 p.m., while in my cell in lock down unit T unit Marte L. Green was out [of] his cell with a weapon, the broom stick, beating on my window trying to break it. When he could not break it he went and got some mase pepper spray and sprayed the whole can under my door which almost killed me. I'm allergic to pepper and had a bad allergic reaction to the pepper spray. I suffered from this about 40 mins before help came. I fear for my life and need to be released A.S.A.P. for this gross neglect in Pulaski County locked down Unit T.

(Id. at 4).

Plaintiff seeks damages and release. (Id. at 5).

Plaintiff's allegations, which are basically a verbatim reproduction of Plaintiff's statement of claim in his original Complaint, fail for the reasons set out below.

3

### A.     Official Capacity Claims

Plaintiff sued Defendants in their personal and official capacities seeking damages only. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims against Defendants are the equivalent of claims against Pulaski County.

To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989). Plaintiff has not alleged that a policy or custom was the driving force behind the alleged violation of his rights. As such, Plaintiff cannot establish liability against Pulaski County.

### B.     Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

Plaintiff named Eric Higgins and Washington as Defendants but made no allegations of fact against either of them. Because Plaintiff made no factual allegations against Defendants, Plaintiff failed to state a claim against Defendants on which relief may be granted. Id.

### C. Negligence

Plaintiff mentions "gross neglect." (Doc. No. 4 at 4). But "[m]ere negligence is not sufficient to support a cause of action under § 1983." Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

### D. Release from Custody

Plaintiff seeks release from custody. (Doc. No. 4 at 5). When a prisoner challenges "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). To the extent Plaintiff seeks release, he may obtain that relief only through a writ of habeas corpus. The Court cannot grant that relief in this civil rights action.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g);[2] and

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 14th day of August, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE